## ELBRIDGE G. SPAULDING *versus* JONATHAN BANCROFT.

If a private in the militia, upon being warned to meet with his company, appear at the time appointed, he cannot afterwards object, that he was not duly enrolled, that the order to warn the members of the company was illegal, or that the warning was informal, or without authority, or made by a person incompetent to make it.

Upon the trial of a complaint by the clerk of a militia company against a private the clerk is a competent witness only for the purpose of proving that the private was duly warned, and that he neglected to appear ; and he cannot be compelled to testify, as to other matters, against his own interest.

The roll and orderly book of the company are, in such case, the best evidence of a deficiency in the equipments of the private.

The orderly book is admissible in evidence, although the record relating to the transaction in question may not have been made up till the day of the trial.

Parol evidence is admissible, to prove the bounds of militia companies.

THIS was a petition for a writ of *certiorari* to a justice of the peace, setting forth, that, on the 8th of June, 1837, a complaint was filed with such justice, by Jonathan Bancroft, the clerk of a company of militia in Tyngsborough, against the petitioner, for being deficient of a knapsack, at the inspection of the company, on the first Tuesday of May, 1837 ; that at the trial of such complaint, before the justice, Bancroft produced the rolls of the company, by which it appeared that the petitioner was not enrolled until 1837 ; that the order of the captain to warn the members of the company was then produced, directed to a person on the company roll for 1837, having a warrant of appointment as a musician, from the colonel of the regiment ; that it appeared by such order and the testimony of the warning officer, that he was not directed by the order, to warn the petitioner, but that the petitioner's name was written by the warning officer upon the back of the order, after it was delivered to him ; that the petitioner was warned to meet with the company at twelve o'clock, noon, on the first Tuesday of May, 1837, instead of one o'clock in the afternoon ; that the magistrate allowed Bancroft to prove by parol, that the company of militia in Dunstable, where the petitioner resided, had been disbanded, and the members thereof annexed to the company in Tyngsborough ; that in the roll book of 1837, which was then introduced to prove the deficiency complained

of, there was no mark or record of any kind in the space under the word *knapsack* opposite the petitioner's name ; that the petitioner offered to prove by Bancroft, that the rolls of 1836 and 1837, together with the orderly book, were not in existence on the first Tuesday of May, 1837, but that the magistrate ruled, that the petitioner could not be allowed to prove these facts by Bancroft ; and that after the testimony was closed and the cause argued, the magistrate allowed Bancroft to introduce the orderly book of the company, for the purpose of proving the deficiency alleged in the complaint ; it being admitted, that the record thereof and of the company training, was made after ten o'clock, in the forenoon of the day on which the trial took place, partly by the attorney of Bancroft, and under the direction of the captain and lieutenant of the company.

The petitioner prayed that these proceedings might be quashed :

1. Because the petitioner's name was not on the roll of the company when he was warned.

2. Because the order to warn the members of the company, was not directed to or executed by a non-commissioned officer or soldier of such company.

3. Because the warning officer was not directed to warn the petitioner for the purpose expressed in the order, or for any other purpose.

4. Because the petitioner was warned to meet at twelve o'clock, noon, instead of one o'clock in the afternoon.

5. Because parol testimony was introduced to prove that the company in Dunstable had been disbanded, and the members thereof annexed to the company in Tyngsborough.

6. Because the roll book was admitted, to prove the deficiency complained of.

7. Because the petitioner was not permitted to prove by the clerk, that the company rolls of 1836 and 1837, together with the orderly book, were not in existence on the first Tuesday of May, 1837.

8. Because the justice admitted the orderly book of the company, to prove the alleged deficiency, the record having been made, and partly by the attorney for Bancroft, after the testimony was closed and the cause argued.

*S. H. Mann* and *Wentworth*, for the petitioner.

*Farley* and *B. Russell*, for the respondent.

MORTON J. afterward drew up the opinion of the Court. The complaint or information, which includes other persons, as well as the petitioner, *substantially* follows the formula prescribed by the Revised Stat. c. 12, § 112. And although there are in it a few verbal variations, they are not material, and it is undoubtedly sufficient.

The evidence satisfactorily shows, that the petitioner was duly enrolled. Having been notified, he appeared at the time and place appointed, answered to his name when called, and actually did military duty. He thereby submitted himself to the authority of the commanding officer, and was bound to obey all his legal orders, and in every respect to conform to the requirements of the law. It is now too late for him to object to the legality of the notice or of the order to notify him. If the warning was informal or without authority, or made by a person incompetent to make it, the appearance cured the defect. The petitioner suffered no inconvenience from any neglect or omission ; and having once waived the irregularity, he cannot afterwards retract the waiver and take advantage of the defect. The soldier who chooses to appear, either with or without legal notice, and take his place in the ranks with his brethren, is subject to all lawful commands, and bound to conform to all legal rules and regulations. The contrary would be subversive of all military order and discipline. *Foye* v. *Curtis*, 21 Pick. 330.

The clerk, though a party, is, like the complainant, under the statute for " the maintenance of bastard children," made a competent witness by express enactment. But it is supposed to be from the necessity of the case, and his testimony is confined to a specific point. He cannot testify to any thing else *Commonwealth* v. *Paull*, 4 Pick. 251 ; *Commonwealth* v *Peirce*, 15 Pick. 170. Nor can he be compelled to testify against himself. The rule, when not varied by statute, is uniform and inflexible. A party to the record can never be a witness. *Commonwealth* v. *Marsh*, 10 Pick. 57 ; *Columbian Manuf. Co.* v. *Dutch*, 13 Pick. 125 ; *Page* v. *Page*, 15 Pick. 369.

The deficiency of the equipments of the petitioner, was properly proved by the roll and the orderly book. They were the best evidence of the fact. *Cobb* v. *Lucas,* 15 Pick. 7. The circumstance that the record was not made up till some time after the transaction, and not until the day of the trial, will not invalidate it. The orderly book is the record of the company. It is the duty of the clerk to keep it ; and he is entitled to the same indulgence in making and amending his records, which is allowed to other similar recording officers.

The disbanding of the company of infantry in Dunstable, and the incorporation of the members of it into the company of infantry in Tyngsborough, is established by the highest evidence, viz. the orders of the commander-in-chief with the advice of the council. The boundaries of companies, as well as all other boundaries, not only may, but from their nature, must be proved by parol evidence.

*Petition dismissed.*